UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Olandio Ray Workman; and<br>Loretta Diane Workman, | ) | C/A 6:06-1673-HFF-WMC |
| Plaintiff, | ) | |
| vs. | ) | |
| Stanley M. Brown;<br>Judge Thomas E. Taylor;<br>Gracie Gwinn;<br>Himy Ingram; and<br>Sabrina Norwood, | ) | **REPORT AND RECOMMENDATION** |
| Defendant(s). | ) | |

Plaintiffs, who are proceeding *pro se*, complain their landlord "broke into" their trailer and took 1) the locks off the front door 2) the stove and refrigerator and 3) $365.00 in cash. According to the plaintiffs, defendant Brown [the owner of the rental units] told the police he had a court order to enter the premises because the plaintiffs abandoned their trailer. Plaintiffs, on the other hand, allege they have been living there for a year. Plaintiffs further allege defendant Brown did not comply with "landlord/tenant laws" because he failed to make repairs and improvements to the property. The plaintiffs also allege that defendant Brown hired one of the plaintiffs, Mr. Workman, to be a maintenance man for $10.00 an hour. Mr. Workman alleges he worked 139 hours but was never paid. Plaintiffs state they received an eviction notice, but were current with their rental obligations. Plaintiffs claim the Magistrate Judge who issued the eviction notice is "friends" with defendant Brown. Plaintiffs seek damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915,

28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, <u>Nasim v. Warden, Maryland House of Correction</u>, 516 U.S. 1177 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department of Social Services</u>, 901 F.2d 387, (4th Cir. 1990).

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation.  It is well established that federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and federal statute.  *See* <u>Willy v. Coastal Corp</u>., 503 U.S. 131, 136-37 (1992); <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541 (1986).  This limited jurisdiction is not to be expanded by judicial decree.  *See* <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S.

6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, see <u>Turner v, Bank of North America</u>, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, see <u>McNutt v. General Motors Acceptance Corp</u>., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. Even if the parties were diverse, plaintiff's claim for damages is well below the jurisdictional threshold. Hence, diversity jurisdiction is lacking. The plaintiff is not without a forum: he may file suit in a Court of Common Pleas, which would have jurisdiction over a suit brought by a South Carolina resident against another South Carolina resident.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331.  That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  Plaintiff's complaint is essentially an appeal of his eviction notice, coupled with an allegation that he entered into an [apparently] oral agreement to be paid for services he performed as a maintenance man.  Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction is present.  To the extent that plaintiff's allegations could be construed to state a claim pursuant to 42 U.S.C. § 1983, the issues cannot be heard because the defendants have not acted under color of state law.

In order to state a cause of action under 42 U.S.C. § 1983 a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  There is no indication that the defendants in this case have acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action.  See Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law.  Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982).

As for defendant Taylor, he is immune from a claim for damages arising out of his judicial actions.  See Mireles v. Waco, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  *See also*

Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 ,(1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 562, 111 S.Ct. 1934 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff also alleges he filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC), and with the South Carolina Human Affairs Commission (SHAC), presumably pertaining to the wages he alleges he is due, and to his fair housing complaint.  Complaints filed with the EEOC and SHAC *generally* pertain to issues about termination, promotion, or demotion in connection with race, or another protected class. Nonetheless, in order to file a discrimination claim, the plaintiff must allege in his complaint that he is either entitled to a right-to-sue letter, or has received one.  The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Id. at 140.  Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII'." Id. (quoting United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)).  Thus, this Court cannot exercise jurisdiction over the plaintiff's EEOC and SHAC claims.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion

originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].  ***The plaintiff's attention is directed to the important notice on the next page.***

                                                                     s/William M. Catoe
                                                                     United States Magistrate Judge

Greenville, South Carolina

July 7, 2006

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina  29603